

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-18-2002

# In Re Joan Walker

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4410

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"In Re Joan Walker " (2002). *2002 Decisions.* Paper 583.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/583

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 01-4410

———————

IN RE:   JOAN HELEN WALKER,
                                        Appellant
v.
PNC BANK, N.A.;
                                        Appellee

FREDERICK L. REIGLE, ESQUIRE, CHAPTER 13 STANDING,
                                        Trustee
FREDERIC J. BAKER, ESQUIRE,
                                        Trustee

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 01-cv-03235 )
District Judge:   Honorable Clarence C. Newcomer

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
September 10, 2002
Before:   NYGAARD, ROTH, and WEIS, Circuit Judges.

(Filed:   September 18, 2002)
———————

OPINION

———————

WEIS, Circuit Judge.

        The appeal in this case involves a challenge to the District Court's order

affirming the decision of the Bankruptcy Court, which granted PNC Bank's Motion for

1

Relief from the automatic stay. Debtor-appellant Joan Walker ("Debtor") contends that the law firm of Federman & Phelan had no authority to act on behalf of appellee PNC Bank and, therefore, the motion was erroneously granted. We will affirm.

Because this opinion is not precedential and the parties are familiar with the facts, it is not necessary to describe in detail the circumstances giving rise to this case. On December 5, 2000, Debtor's home was auctioned at a sheriff's sale. PNC Bank, N.A., which held the mortgage on the foreclosed home,[1] was the successful bidder. Some six weeks later, on February 14, 2001, Debtor filed for bankruptcy under Chapter 13 of the Bankruptcy Code.

In mid-April 2001, the law firm of Federman and Phelan, L.L.P. ("the Federman firm") filed a Motion for Relief from the automatic stay on PNC Bank's behalf. Debtor's counsel argued at a hearing on the motion that the Federman firm represented only PNC Mortgage, not PNC Bank and, therefore, had no authority to file the motion. Federman produced a Power of Attorney giving PNC Mortgage "full authority to do and perform all and every act and thing necessary or incident to the performance and execution of the limited powers herein expressly granted," including the power "to prepare, execute and record whatever documents are required to institute and complete assignments, foreclosures or deeds in lieu of foreclosure proceedings . . . ."

At the conclusion of the hearing, the bankruptcy judge determined that the

---

[1] Apparently, the mortgage was originally held by PNC Bank Mortgage Corp. of America ("PNC Mortgage"), and assigned to PNC Bank.

Power of Attorney granted PNC Mortgage the power to retain counsel, and described the appellant's notation as "completely devoid of merit." Accordingly, the Bankruptcy Court entered an order granting PNC Bank relief from the automatic stay.

Debtor appealed to the District Court, which affirmed the bankruptcy court's order in all respects. Debtor now reiterates her challenge to the Bankruptcy Order in this Court. Our jurisdiction is proper under 28 U.S.C. §§ 158, 1291, and 1334. We review de novo the legal conclusions of the District and Bankruptcy Courts. In re Pittsburgh & Lake Erie Properties, Inc., 290 F.3d 516, 519 (3d Cir. 2002).

We have reviewed the briefs and materials submitted to us and find no error in the rulings of the District Court and the Bankruptcy Court with respect to the status of the Federman firm as counsel.

With respect to the challenge to the relief from automatic stay, Pennsylvania law states that one who purchases real property at a sheriff's sale acquires an equitable interest; title does not become complete until compliance with the terms of the sale. See, e.g., Pennsylvania Co., etc., v. Broad St. Hosp., 47 A.2d 281, 284-85 (Pa. 1946).

When a purchaser acquires an equitable interest in real property at a sheriff's sale but legal title remains with a debtor at the time the debtor files for bankruptcy, cause exists under 11 U.S.C. § 362(c) to lift the automatic stay. Accordingly, we conclude that the Bankruptcy Court did not err in granting the Motion for Relief from the automatic stay.

Accordingly, the judgment of the District Court will be affirmed.

3

_____

TO THE CLERK:

Please file the foregoing Opinion.

_/s/ Joseph F. Weis_____
United States Circuit Judge